UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

GUS STILLS

CIVIL ACTION NO. 25-cv-392

VERSUS

JUDGE VAN HOOK

G L G MANAGEMENT EAST, LLC

MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

### Introduction

Gus Stills ("Plaintiff"), who is self-represented, filed this civil action against GLG Management East, LLC ("GLG").  Plaintiff alleged in his complaint that he is a former employee of GLG and was subjected to a racially hostile work environment and retaliation in violation of Title VII.  Before the court are GLG's Motion to Dismiss (Doc. 13) and Plaintiff's Motion to Strike (Doc. 17) that Plaintiff filed in response to the motion to dismiss.  For the reasons that follow, it is recommended that GLG's motion be granted, Plaintiff's motion be denied, and that this civil action be dismissed without prejudice for (1) failure to make timely service and (2) failure to comply with a court order.

### Procedural History

Plaintiff filed his complaint on March 26, 2025.  Within a few days, the clerk of court issued a summons, and the court issued an order (Doc. 5) that advised Plaintiff of his obligation to serve his complaint and a summons on GLG within 90 days of the filing of the complaint, which would be June 24, 2025.  The court explained that service would have to be made by a person who is at least 18 years old and not a party, and it noted that the

Louisiana secretary of state identified Lawrence Patton at an address in Monroe, Louisiana as GLG's agent for service of process. The order warned that failure to make timely service could result in dismissal of this civil action.

The court also pointed out that Plaintiff relied on Title VII, which requires that a plaintiff first exhaust their administrative remedies through the EEOC or a similar agency and receive a notice of right to sue before filing a lawsuit. Plaintiff indicated in his complaint that he had received a right to sue letter, but he did not attach a copy as the complaint form instructed. The court ordered Plaintiff to file a copy of his notice of right to sue within 14 days.

Plaintiff later filed two service returns. The court issued an order (Doc. 9) that noted one of the returns indicated it was delivered to a McDonald's restaurant in Shreveport and the other indicated that it was sent by certified mail to an unspecified GLG manager in West Monroe. The order warned Plaintiff that neither of the summons returns appeared to reflect valid service on GLG. Plaintiff was reminded of his June 24, 2025 deadline to file evidence of valid service. The court also pointed out that Plaintiff had failed to file his notice of right to sue and that he should do so by that same June 24 deadline. He was warned that if he failed to comply with either of those requirements by the June 24 deadline, it could result in the dismissal of this civil action.

Nothing happened between that order and the June 24 deadline, so on June 30, 2025 the clerk of court issued a notice of intent to dismiss the case for failure to effect timely service. Doc. 10. Plaintiff responded with a motion for extension of time, and the court

granted him until August 11, 2025 to file proof of service.  The order noted that this was the last extension.  Doc. 12.

Plaintiff did not file anything between the issuance of that order and the arrival of the August 11 deadline.  Several days later, GLG filed its motion to dismiss for insufficient service of process and for failure to prosecute (based on Plaintiff's failure to comply with the court's order that he file a copy of his notice of right to sue).  The motion was noticed for briefing.  Plaintiff did not file a memorandum in opposition.  He did file a motion to strike (Doc. 17) that argued GLG's motion to dismiss was improper because GLG had failed to file a corporate disclosure statement as required by Fed. R. Civ. Pro. 7.1.  More than a month later, Plaintiff filed a summons return (Doc. 20) that indicated a summons was delivered on July 30, 2025 to Deambra Singleton on behalf of GLG.

**Analysis**

### A.  Motion to Strike

Plaintiff's motion to strike can be addressed first.  After GLG appeared in the case by filing its motion to dismiss, the clerk of court issued a standard instruction that GLG file a corporate disclosure statement by September 4, 2025.  Doc. 15.  GLG timely filed the required statement (Doc. 16) early, on August 27, 2025.  Plaintiff filed his motion to strike the next day, possibly unaware of the recent filing.  The sole basis of Plaintiff's motion to strike is his contention that GLG's motion to dismiss should be denied due to the lack of a corporate disclosure statement.  The motion to strike lacks merit and should be denied.

**B. Lack of Timely Service**

The next issue is the lack of timely and valid service. Federal Rule of Civil Procedure 4(m) provides that if a defendant is not served within 90 days after the complaint is filed, the court, either on motion or on its own after notice to the plaintiff, must dismiss the action without prejudice or order that service be made within a specified time. The rule adds that the court must extend the time for service for an appropriate period if the plaintiff shows good cause for the failure to make timely service.

Rule 4(h)(1) provides that service on an unincorporated association, such as an LLC, can be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." Rule 4(h)(1)(A) also allows service "in the manner prescribed by Rule 4(e)(1) for serving an individual," and that provision states that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made."

Louisiana law allows service on an LLC "by personal service on any one of its agents for service of process." La. CCP art. 1266. Each LLC is required to have a registered agent with information on file with the secretary of state. La. R.S. 12:1308. Article 1266(B) allows alternative service on a manager, member or employee "[i]f the limited liability company has failed to designate an agent for service of process," the agent has died, resigned, or been removed, or if "the person attempting to make service certifies that he is unable, after due diligence, to serve the designated agent." That final alternative requires a certification from the process server that he was unable, after due diligence, to

serve the designated agent.  Rabito v. McClain Invs., LLC, 318 So. 3d 1056, 1060 (La. App. 4th Cir. 2019).

GLG argues that no proper service was ever made and that the deadline, even after being extended by the court, has passed.  GLG's arguments shift the burden to Plaintiff because "[w]hen service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service."  Sys. Signs Supplies v. U.S. Dep't of Justice, 903 F.2d 1011, 1013 (5th Cir. 1990).

GLG's motion argued that the earlier attempts to serve it were invalid and that Plaintiff had run afoul of the timeliness requirement with respect to service.  Plaintiff did not file any memorandum in opposition or otherwise attempt to (1) explain how he made valid service or (2) establish good cause for any additional extension of time.

Plaintiff did file a service return for Deambra Singleton. Doc. 20.  The process server wrote Singleton's name in a blank on the preprinted return form in a space where it was followed by the statement "who is designated by law to accept service on behalf of" GLG.  The return was not accompanied by any explanation as to who Ms. Singleton is, where she was served, or what role she may have in GLG.  The return was filed about a month after the extended deadline, and Plaintiff gave no explanation for the lack of timeliness.

GLG was invited to file a response with respect to this later submission. They filed a declaration from GLG's office manager who stated the Ms. Singleton is the general manager of a McDonald's restaurant on Greenwood Road in Shreveport, but GLG did not designate or authorize her to accept service on behalf of GLG.  The court notes that the

service return is not accompanied by any certification of the process server that diligent attempts to serve the registered agent were unsuccessful.

Plaintiff was told by the court from the beginning of this case that GLG has a registered agent for service on file with the secretary of state. Plaintiff chose not to attempt service on the agent and instead delivered service papers to random McDonald's employees who are not GLG's registered agents for service or authorized recipients under Rule 4 or state law. Plaintiff has not met his burden of showing that he made valid or timely service despite more than an ample opportunity to complete the task. Dismissal for lack of timely and valid service is recommended.

### C. Failure to Comply with a Court Order

GLG also argued that the court should dismiss Plaintiff's complaint for his failure to file a copy of his notice of right to sue. Although filing of an EEOC charge is not a jurisdictional prerequisite, it "is a precondition to filing suit in district court." Taylor v. Books A Million, Inc., 296 F.3d 376, 379 (5th Cir. 2002). The court twice ordered that Plaintiff file a copy of the notice, and plenty of time was allowed to do so. Plaintiff failed to comply with the orders.

"A district court may dismiss an action for failure of a plaintiff to prosecute or to comply with any order of court." McCullough v. Lynaugh, 835 F.2d 1126, 1127 (5th Cir. 1988), citing Fed. R. Civ. P. 41(b). "The court possesses the inherent authority to dismiss the action sua sponte, without motion by a defendant." Id., citing Link v. Wabash Railroad, 82 S.Ct. 1386, 1388-90 (1962). Dismissal for such failures may be ordered "with or

without notice to the parties." <u>Rogers v. Kroger Company</u>, 669 F.2d 317, 319-20 (5th Cir. 1982).

GLG's motion was noticed for briefing, but Plaintiff did not file a memorandum in opposition or comply with the court's order by filing a copy of a notice of right to sue. He has now had several months to file the alleged notice of right to sue letter that he received from the EEOC. His repeated failure to comply with a simple court order, despite more than a reasonable opportunity to do so, warrants dismissal.

Accordingly,

It is recommended that Plaintiff's civil action be dismissed without prejudice for failure to make timely and valid service on the defendant and for failure to comply with a court order.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. <u>See</u>

<u>Douglass v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of June, 2026.

Mark L. Hornsby
U.S. Magistrate Judge